**DYKEMA GOSSETT LLP**
ASHLEY R. FICKEL, SBN: 237111
afickel@dykema.com
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
ASSET ACCEPTANCE, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN R. MAHLOW,<br><br>Plaintiff,<br><br>vs.<br><br>ASSET ACCEPTANCE, LLC,<br><br>Defendant. | Case No SACV13-763 CJC (JPRx)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Asset Acceptance, LLC ("Asset"), by its attorneys, and for its Answer to Plaintiff's Complaint, states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages brought from violation of the Fair Credit Reporting Act (hereinafter "FCRA") 15 USC § 1681 et seq.

**ANSWER**: Asset admits only that Plaintiff filed a Complaint against it alleging it violated the FCRA. Answering further, Asset denies that it violated the FCRA.

## JURISDICTION

2. This court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

**ANSWER:** Asset is not contesting jurisdiction at this time.

3. All conditions precedent have occurred or been performed.

**ANSWER:** Asset is without knowledge or information sufficient to form a belief regarding the truth of the allegation contained in Paragraph 3 and therefore denies.

## VENUE

4. The occurrences giving rise to this action occurred in Orange County, California, and Plaintiff resides in Orange County, California.

**ANSWER:** Asset admits only that its records reflect that Plaintiff may receive mail at an address in California. Otherwise, Asset is without knowledge or information sufficient to form a belief regarding the truth of the allegation contained in Paragraph 4 and therefore denies.

5. Venue is proper in the Central District of California Southern Division pursuant to 28 U.S.C § 1391.

**ANSWER:** Asset is not disputing venue at this time.

## PARTIES

6. The Plaintiff, Jonathan R. Mahlow, (hereinafter "Plaintiff), is a natural person residing in Orange County, California.

**ANSWER:** Asset admits only that Plaintiff is a natural person(s) and that its records reflect that Plaintiff may receive mail at an address in California.

7. Plaintiff is a "consumer" within the meaning of the FCRA 15 U.S.C. § 1681a(c).

**ANSWER**: The allegations of this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Asset lacks information or knowledge sufficient to admit the allegations of paragraph 7.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

8. The Defendant, ASSET ACCEPTANCE, LLC, (hereinafter "ASSET), is a Delaware business entity with offices at 28405 Van Dyke, Warren, MI 48093.

**ANSWER:** Admitted.

9. Defendant, ASSET, is a "person" within the meaning of the FCRA, 15 U.S.C. § 1681a(b).

**ANSWER**: The allegations of this paragraph state a legal conclusion to which no response is required.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

10. TransUnion is a "consumer reporting agency" within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER:** The allegations of this paragraph state a legal conclusion to which no response is required.

11. Plaintiff obtained his consumer reports from the major consumer reporting agencies and found entries within the reports by entities that he was unfamiliar with.

**ANSWER:** Asset is without knowledge or information sufficient to form a belief regarding the truth of the allegation contained in Paragraph 11 and therefore denies.

12. Plaintiff found after examination of his TransUnion consumer report that Defendant, ASSET, had obtained Plaintiff's TransUnion consumer report in March 2012.

**ANSWER:** Asset is without knowledge or information sufficient to form a belief regarding the truth of the allegation contained in Paragraph 12 and therefore denies.

13. Discovery of the Defendant's actions occurred in April 2013 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

**ANSWER**: Asset is without knowledge or information sufficient to form a belief regarding the truth of the allegation contained in Paragraph 13 and therefore denies.

3

14.   Discovery of the Defendant's actions has caused Plaintiff emotional distress.

**ANSWER**:  Asset is without knowledge or information sufficient to form a belief regarding the truth of the allegation contained in Paragraph 14 and therefore denies.

15.   On April 19, 2013, Plaintiff sent a notice via USPS Certified Mail with tracking number 7008 2810 0001 7998 0671 to Defendant, ASSET, of their violation of the FCRA in an effort to mitigate damages obtaining Plaintiff's consumer report before taking civil action against them.

**ANSWER:**  Asset admits only that it received a notice dated April 18, 2013 from Plaintiff that was sent by certified mail and denies the remainder of the allegations found within paragraph 15.

16.   Counsel representing Defendant, ASSET, responded to Plaintiff's notice but failed to reach an acceptable agreement regarding damages to be paid to Plaintiff.

**ANSWER:**  Asset admits only that it responded to Plaintiff's April 18, 2013 notice.

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 ET SEQ. WILLFUL AND/OR KNOWING NONCOMPLIANCE BY DEFENDANT ASSET

17.   Plaintiff repeats and re-alleges each and every allegation stated above as though fully stated herein.

**ANSWER:**  Asset incorporates by reference its answer to the preceding numbered paragraphs as if fully set forth herein.

18.   The FCRA, 15 U.S.C. § 1681b defines the permissible purpose for which a person may obtain a consumer report.

**ANSWER**:  Admitted.

19.   Such permissible purposes as defined by 15 U.S.C. § 168lb are generally, if the consumer makes application for credit, makes application for employment, for

4

underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

**ANSWER:** Asset admits but denies that the circumstances described by Plaintiff are a complete list of circumstances as defined by 15 U.S.C. § 168lb.

20. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, nor received a bona fide offer of credit from Defendant, ASSET.

**ANSWER:** Denied.

21. At no time did Plaintiff give his consent for Defendant, ASSET, to acquire his consumer report from any consumer reporting agency.

**ANSWER:** Denied.

22. Defendant, ASSET, has demonstrated willful and/or knowing noncompliance with the FCRA, 15 U.S.C. § 1681b by obtaining Plaintiffs TransUnion consumer report on March 1, 2012 with no permissible purpose.

**ANSWER:** Denied.

23. Defendant, ASSET, had willfully and/or knowingly obtained Plaintiff's consumer report with no permissible purpose violating the FCRA, 15 U.S.C. § 1681b and violating Plaintiff's right to privacy.

**ANSWER:** Denied.

24. Defendant, ASSET, had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiffs consumer report and ASSET breached said duty by failing to do so.

**ANSWER:** Denied.

### DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

1. Asset has not yet had the opportunity to investigate or engage in discovery regarding the Plaintiff's Complaint and may rely on the following affirmative and other defenses that discovery will prove relevant.

2. To the extent that any violation of law occurred, which Asset expressly denies, any such violations were not intentional and resulted from a bona fide error notwithstanding the maintenance by Asset of procedures reasonably adapted to avoid them.

3. Asset acted in good faith at all times in whatever dealings it had with Plaintiff, and if any conduct by Asset is found to be unlawful, which Asset expressly denies, such conduct was not willful and should not give rise to liability.

4. Asset is entitled to an award of attorney fees and costs under the applicable federal and state statutes for having to defend against this frivolous lawsuit.

5. Plaintiff, although under a legal obligation reasonable steps to mitigate any damages that he alleges to have incurred and is therefore barred from recovering damages, if any, from Asset.

6. Without admitting that any damages exist, if damages were suffered by Plaintiffs as alleged in the complaint, those damages were proximately caused by and contributed by persons other than Asset. The liability, if any exists, of Asset and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Asset should be reduced accordingly.

7. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

8. Asset Acceptance, LLC respectfully requests this Honorable Court enter judgment in its favor dismissing with prejudice Plaintiff's Complaint and awarding Asset any and all other relief as the Court deems equitable and just.

1 | Dated:  August 26, 2013            DYKEMA GOSSETT LLP

2 |                                     By: /s/Ashley R. Fickel
3 |                                         Ashley R. Fickel
                                            Attorney for Defendant
4 |                                         Asset Acceptance LLC

5 | PASO1\714272.1
    019956\0999

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

7

Case No SACV13-763 CJC (JPRx)
ANSWER AND AFFIRMATIVE DEFENSES

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 South Grand Avenue, Suite 2100, Los Angeles, California 90071.

On August 26, 2013, I served the foregoing document described as **ANSWER AND AFFIRMATIVE DEFENSES** on all interested parties in this action as follows:

> Jonathan R. Mahlow
> 14162 Holt Avenue
> Santa Ana, CA 92705

☒ **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing on affidavit.

☒ **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 26, 2013, at Los Angeles, California.

*Lynn Spencer*
LYNN SPENCER

PAS01\714372.1
ID\ARF – 019956/0999