**DYKEMA GOSSETT LLP**
ASHLEY R. FICKEL, SBN: 237111
*afickel@dykema.com*
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone:   (213) 457-1800
Facsimile:   (213) 457-1850

Attorneys for Defendant
ASSET ACCEPTANCE, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN R. MAHLOW,<br><br>      Plaintiff,<br><br>vs.<br><br>ASSET ACCEPTANCE, LLC,<br><br>      Defendant. | Case No SACV13-00763 CJC (JPRx)<br><br>**OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>**DATE:**   October 28, 2013<br>**TIME:**     1:30 p.m.<br>**CT RM.:** 9B |

## INTRODUCTION

The court should deny Plaintiff's motion for leave to amend because Plaintiff has failed to adequately state what new facts and theories were unavailable to the Plaintiff when filing his original complaint. Further, because Plaintiff's motion for amended complaint merely re-alleges the essential claims of the original complaint, the motion should be denied.

Plaintiff, Jonathan R. Mahlow, filed the underlying suit on May 17, 2013. Defendant, Asset Acceptance, filed an answer on August 26, 2013. On September 18, 2013, a judicial minute order was submitted ordering a status conference to take place on October 21, 2013. However, on September 27, 2013, before the status conference was set to take place, Plaintiff filed a motion for leave to amend his complaint.

## ARGUMENT

In order for a court to grant a motion for leave to amend a complaint, a Plaintiff must adequately explain what additional information is available to him now as compared to before the original complaint was filed. *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). Here, Plaintiff has failed to allege what new facts were unavailable to him before filing his motion for leave to amend. Amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action. *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). Where the underlying facts of the amended complaint were known to the party at the time of filing the original complaint, the burden is placed on the moving party to show some valid reason for their delay. *Hayes v. New England Millwork Distributors, Inc.*, 602 F.2d 15, 19 (1st Cir. 1979); 61A Am. Jur. 2d Pleading § 725.

Further, Plaintiff's motion to amend should be denied because it simply re-alleges Plaintiff's original complaint with further detail. Yet Plaintiff fails to provide

any explanation why he failed to include these new allegations and new parties at the time he filed the original Complaint. *Roth v. Garcia Marquez*, 942 F.2d 617, 629 (9th Cir. 1991) (holding leave to amend was not allowed when Plaintiff simply wished to plead same claim more specifically). Motions for leave to amend have been denied when the new pleadings involved many of the same occurrences as the original complaint, and granting the motion would unnecessarily complicate the litigation. See *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1320 (9th Cir. 1984); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986). Because Plaintiff has failed to explain why he failed to include the new allegations and new parties at the time he filed his original Complaint, Plaintiff's motion for leave to amend should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend should be denied.

Dated: October 7, 2013         DYKEMA GOSSETT LLP

By: /s/Ashley R. Fickel
    Ashley R. Fickel
    Attorney for Defendant
    ASSET ACCEPTANCE LLC

PAS01\720665.1
108721\0215