**DYKEMA GOSSETT LLP**
ASHLEY R. FICKEL, SBN: 237111
*afickel@dykema.com*
VIVIAN I. KIM, SBN: 272185
*vkim@dykema.com*
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone:   (213) 457-1800
Facsimile:    (213) 457-1850

Attorneys for Defendant
ASSET ACCEPTANCE, LLC

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN R. MAHLOW,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ASSET ACCEPTANCE, LLC; ASSET ACCEPTANCE CAPITAL CORP.; ENCORE CAPITAL CORP.; DAVID A. DEN HOUTEN,<br><br>　　　　Defendants. | Case No 8:13-cv- 00763 CJC (JPRx)<br><br>**OPPOSITION TO MOTION FOR RECONSIDERATION OF DISMISSAL; REQUEST FOR SANCTIONS AGAINST PLAINTIFF IN AN AMOUNT NO LESS THAN $1,017.50; DECLARATION OF VIVIAN I. KIM**<br><br>**DATE:**  November 25, 2013<br>**TIME:**  1:30 p.m.<br>**CT RM.:**  9B |

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1     Defendant Asset Acceptance, LLC ("Defendant") hereby submits its

2 Opposition to Plaintiff's Motion for Reconsideration of Dismissal and Request for

3 Sanctions in an amount no less than $1,017.50.

4                              **INTRODUCTION**

5     Plaintiff Jonathan R. Mahlow ("Plaintiff") filed the underlying suit on May

6 17, 2013. [Doc. No. 3] Defendant filed an answer on August 26, 2013. [Doc. No.

7 8] On September 18, 2013, a judicial minute order was submitted ordering a

8 status conference to take place on October 21, 2013. [Doc. No. 12] However, on

9 September 27, 2013, before the status conference was set to take place, Plaintiff

10 filed a motion for leave to amend his complaint. [Doc. No. 13] Defendant

11 opposed the motion because Plaintiff failed to adequately explain what additional

12 information became available to him as compared to before the original complaint

13 was filed. [Doc. No. 14] This Court graciously granted Plaintiff leave to file the

14 amended complaint and he thereafter filed a First Amended Complaint on October

15 17, 2013. [Doc. Nos. 15, 16] To date, it does not appear that the additional

16 named defendants have been served.

17     On October 21, 2013, Defendant appeared for the court-ordered status

18 conference before the Honorable Cormac J. Carney. [*See* Declaration of Vivian I.

19 Kim] Plaintiff failed to appear without any notice to the Court or counsel for

20 Defendant. [*Id.*] Accordingly, the Court dismissed the case for Plaintiff's failure

21 to comply with the Court's scheduling order and failure to prosecute. [Doc. Nos.

22 18, 20]

23     After Defendant filed a Notice of Dismissal of Case Without Prejudice on

24 October 22, 2013, Plaintiff filed his Motion for Reconsideration on October 23,

25 2013. [Doc. No. 21] Plaintiff bases his motion on what he alleges was an

26 oversight on his part – admitting that he had been properly served with the

27 Court's Order Scheduling Status Conference but claiming that he had not

28

calendared the date of the hearing. [*Id.* at ¶ 1]  Plaintiff leans heavily on his pro per status and seeks the Court's leniency in reconsidering the decision to dismiss the case without prejudice. [*Id.* at ¶ 3]

Defendant objects to Plaintiff's motion for reconsideration which is based solely on his admitted oversight of the Court's September 18, 2013 Order. However, if the Court deems this a sufficient basis to overturn its October 22, 2013 Order, Defendant would request sanctions in an amount no less than $1,017.50 for the costs incurred by Defendant for appearing at the hearing.

## ARGUMENT

Generally, courts will reconsider a decision if a party can show (1) new facts, (2) new law, or (3) clear error in the Court's prior decision. *See, e.g., School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Ultimately, the decision on a motion for reconsideration lies in the Court's sound discretion. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir.2003) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir.2000)).

In this matter, Plaintiff's Motion for Reconsideration is an appeal to this Court's sympathies based on a pro per Plaintiff's oversight of this Court's order. Plaintiff does not submit any affidavit or certified statement with his motion.  Rather relying solely on his alleged oversight in calendaring the date of the October 21, 2013 hearing. [Doc. No. 21 at ¶ 1]

Plaintiff claims that reconsideration of the decision to dismiss will further the service of justice in some unspecified way, notwithstanding the fact that the Plaintiff is free to refile his case since the dismissal without prejudice. [*Id.* at p. 2]

Since Plaintiff argues that justice would be served by overturning this Court's dismissal, Defendant requests that the Court issue sanctions for recovery of Defendant's attorney's fees in attending the Court mandated status conference. As noted in the attached Declaration of Vivian I. Kim, Defendant expended

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

3

$1,017.50 in attorney's fees for Ms. Kim's attendance at the scheduling conference. Defendant further incurred $30.00 in costs associated with the filing of the Notice of Dismissal and service of courtesy copies to this Court.

Further, Defendant notes that Plaintiff has not yet served the First Amended Complaint on the newly named defendants. It is unclear at this time if counsel for Defendant will be retained to represent the newly named defendants. As such, Defendant request that if the Court reconsiders the dismissal and allows this case to move forward, that all defendants in this matter be allowed to respond to the First Amended Complaint on the same date: 21 days after service on the newly named defendants. In the alternative, Defendant Asset Acceptance, LLC would request an extension of time in which to respond to the First Amended Complaint for at least 30 days, in the hopes that Plaintiff will serve the remaining parties within that time frame.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration should be denied. In the alternative, if the Court reconsiders the dismissal and allows the case to move forward, Defendant requests monetary sanctions in an amount no less than $1,017.50 and to postpone Defendant's response to the First Amended Complaint until 21 days after the newly named defendants have been served.


Dated: November 4, 2013            DYKEMA GOSSETT LLP

                                   By: /s/Vivian I. Kim
                                       Ashley R. Fickel
                                       Vivian I. Kim
                                       Attorneys for Defendant
                                       ASSET ACCEPTANCE LLC

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

4

## DECLARATION OF VIVIAN I. KIM

I, Vivian I. Kim, declare as follows:

1.      I am an attorney at law licensed to practice my profession in this State and in this judicial district and am an Associate at Dykema Gossett, LLP, counsel for defendant Asset Acceptance, LLC ("Asset") in this action.  I submit this declaration in support of Asset's Opposition to Motion for Reconsideration.  If called as a witness in this matter, I could and would testify to the following matters which are of my own personal knowledge.

2.      On October 21, 2013, I appeared before the Honorable Cormac J. Carney for a Status Conference.

3.      Plaintiff made no appearance.  Plaintiff did not contact our offices prior to the hearing regarding his non-appearance.

4.      My office is located in Downtown Los Angeles, at 333 S. Grand Ave., Suite 2100.

5.      My hourly rate on this matter is $275.00.  I billed a total of $1,017.50 for my appearance at the October 21, 2013 Status Conference, which included travel time to and from the Court.

6.      In connection with the Notice of Dismissal we were ordered to file, we expended $30.00 in attorney services fees in order to timely provide courtesy copies to the Court.  A true and correct copy of the invoice is attached hereto as Exhibit A.


Executed this 4th day of November 2013 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.


                    /s/ Vivian I. Kim
                    Vivian I. Kim

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

5

# EXHIBIT A



**(213) 628-6338**
1545 Wilshire Blvd., 311
Los Angeles, CA 90017

IRS 95-3267524

**INVOICE DATE:** 10/28/2013          **INVOICE NUMBER:** C912001464-01

| | |
|---|---|
| Client No. 11122 | **Route#:** LA-11 |
| Client DYKEMA GOSSETT LLP | **Server#:** NONE |
| Address 333 SOUTH GRAND AVENUE.,#2100 | |
| LOS ANGELES, CA 900710000 | |
| Phone: (213) 457-1800    Fax: (213) 457-1850 | |
| Client File No.: 108721-0215 | |
| Contact: CAROLIE | |

Case No.: SACV13-00763CJC (JPRx)
Court: USDC - Central District - Southern Division
Plaintiff: MAHLOW
Defendant: ASSET
Servee:

Documents:
    NOTICE OF DISMISSAL, APPEARANCE OF COUNSEL

| DESCRIPTION | SERVICES | CHARGES |
|---|---|---|
| 10/23/2013 DELIVER TO USDC-SANTA ANA - ASSIGNMENT COMPLETED | Court Services | 30.00 |
| | **INVOICE TOTAL** | **$ 30.00** |

User: glnab                                                        Order#: C912001464-01/invCrt

## PROOF OF SERVICE

1

2

3      I am employed in the County of Los Angeles, State of California.  I am over
the age of 18 and not a party to the within action.  My business address is 333 South

4    Grand Avenue, Suite 2100, Los Angeles, California  90071.

5      On November 4, 2013, I served the foregoing document described as
**OPPOSITION TO MOTION FOR RECONSIDERATION OF DISMISSAL;**

6    **REQUEST FOR SANCTIONS AGAINST PLAINTIFF IN AN AMOUNT NO**
**LESS THAN $1,017.50; DECLARATION OF VIVIAN I. KIM** on all interested

7    parties in this action as follows:

8                          Jonathan R. Mahlow

9                            14162 Holt Avenue
                          Santa Ana, CA  92705
10

11  ☒  **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and
processing correspondence for mailing.  Under that practice it would be

12    deposited with U.S. Postal Service on the same day with postage thereon fully
prepaid at Los Angeles, California in the ordinary course of business.  I am

13    aware that on motion of the party served, service is presumed invalid if postal

14    cancellation date or postage meter date is more than one day after date of
deposit for mailing on affidavit.

15

16  ☒  **(Federal)** I declare that I am employed in the office of a member of the bar of
this court at whose direction the service was made.

17

18    Executed on November 4, 2013, at Los Angeles, California.

19

20    _____

21                          Caroline Acossano

22

23

24    PAS01\714372.1
      ID\ARF – 019956/0999
25

26

27

28

DYKEMA GOSSETT LLLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071